## GAZIN et al. v. NORTON et al.

*(Circuit Court, E. D. Louisiana. March 23, 1889.)*

BANKRUPTCY—ASSIGNEE'S COSTS AND EXPENSES.
 Under Rev. St. U. S. § 5099, providing that the assignee in bankruptcy shall be allowed out of the money in his hands "all the necessary expenditures made by him in the discharge of his duty, and a reasonable compensation for his services," where creditors have in good faith brought suit against the assignee, and been defeated, and the estate is insufficient to pay both their costs and the costs and counsel fees of the assignee, the assignee is entitled to preference.

In Equity. Petition for rehearing on question of costs.
*E. H. Farrar* and *H. H. Walsh,* for petitioners.
*Wm. Grant,* for defendants.

PARDEE, J. In this case Nellie E. Gazin and some six others, all creditors of the Bank of Louisiana, of which E. E. Norton is assignee in bankruptcy, brought a bill against the said assignee, charging fraud, mismanagement, and neglect of duty on the part of the assignee in administering his trust; and praying discovery, a new accounting, and general condemnation of the assignee as a faithless trustee. The charges in the bill cover the entire bankruptcy proceedings, running through a period of 18 years, where the estate, nominally large, was composed of incumbered real estate and personal assets of doubtful value, and where there were many conflicting claims, and much confusion and litigation. The bill contains 39 closely written pages, the answer 14 pages, and there were 8 days spent in hearing evidence and argument before the master. The master fully investigated the record and evidence, and submitted an elaborate report ; and thereafter the whole case was reargued and considered by the court on exceptions to the master's report ; all resulting in the dismissal of the bill, with costs to be paid by complainants. By agreement of counsel, approved by the court, the compensation of the master was fixed at $1,000, and was paid out of the estate, without prejudice to the future taxing of the same as costs. Considering these matters, it seems clear that compensation to assignee's counsel cannot be less than $1,000. The petition for rehearing on the matter of costs has been filed, argued, and submitted, the petitioners claiming that, as the suit was brought for the general benefit of the estate, the costs thereof should be paid by the estate. On the hearing it was shown that the financial condition of the estate is as follows: The assignee has filed his final account, and prayed for a discharge, which matter is now pending ; that the costs of finally closing the bankruptcy, in the way of court fees and other costs necessary in such cases, are unpaid ; that the costs of the assignee in defending the suit of Gazin and others, and his counsel fees therein, are unpaid ; that he has in his hands, to the credit of the estate, the sum of $998.83, of which sum $754.19 are devoted to the payment of unclaimed dividends, leaving a balance of $244.64 subject to distribution by the court, in payment of costs and charges, which sum may or may not be increased by collecting the sum of $1,000 heretofore paid out for the compensation of the master in investigating and reporting on the bill of Gazin and others, which sum of $1,000 is a part of the costs, which the petitioning creditors seek to be relieved from. If the said $1,000 should be collected, there will then be in the assignee's hands, subject to distribution, the sum of $1,244.64,—an amount inadequate to pay the necessary costs of closing the bankruptcy, and the assignee's costs and counsel fees in the case of Gazin and others. I take it that where a suit is brought against an assignee in bankruptcy, and he vindicates himself in the suit, and is sustained by the judgment rendered, there can be no question but what his costs therein incurred, and the fees of his counsel in defending himself, are a legitimate expense, which should be paid by the estate. Where creditors dissatisfied with the management and administration of an assignee in bankruptcy bring a suit against him in good faith, which, if

successful, will bring a fund into court, although they may fail in the suit, I am inclined to the opinion that their costs incurred in such suit should be paid by the estate. Assuming, in this case, that the suit of Gazin and others was brought in good faith, the question presented is whether their costs are entitled to be paid out of the estate in preference to the legitimate and unquestioned costs and expenses of the assignee, where it is complained that there are not funds enough in the estate to pay both. The assignee is an officer of court, and where he is not in fault, but his action is sustained by the court, he is entitled to his costs, charges, and expenses, in preference to any and all other claimants. Section 5099, Rev. St., provides that "the assignee shall be allowed and may retain, out of money in his hands, all the necessary disbursements made by him in the discharge of his duty, and a reasonable compensation for his services in the discretion of the court." The petition for rehearing is denied.